# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—JUNE TERM, 1878.

## WILLIAM DRURY

v.

## WILLIAM O. DUNGAN.

1. PRACTICE IN APPELLATE COURT—ERRORS TO WHICH NO EXCEPTION WAS TAKEN, NOT NOTICED.—Errors assigned in the Appellate Court to the action of the court below in admitting and excluding evidence, will not be noticed, where no exception was taken to the same by the appellant.

2. VERDICT AGAINST THE WEIGHT OF EVIDENCE.—In this case the court finds the verdict of the jury so clearly against the weight of the evidence as to be sufficient ground for a reversal.

APPEAL from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. B. C. TALIAFERRO, for appellant; that the recitals in a bill of sale are not conclusive, but may be impeached by parol, cited O'Brien v. Palmer, 49 Ill. 72; Sutton v. Crosby, 54 Barb. 80.

An express warranty of soundness is a part of the consideration of the contract, and can be proved by parol where the instrument does not express the consideration of the contract: Mumford v. McFearson, 1 Johns. 414; Wilson v. Marsh, 1 Johns. 503; Towell v. Gatewood, 2 Scam. 22.

(15)

If, during negotiation for a sale, the owner offers to warrant the article, such warranty is binding, though the actual sale does not take place for some days after: Wilmot v. Hurd, 11 Wend. 584.

A consideration other than the one expressed in the deed may be proved, provided it is consistent with the one expressed: 2 Philips on Ev. 353; 1 Greenleaf on Ev. § 285; Gage v. Lewis, 68 Ill. 604.

A receipt or a bill of lading may be explained by parol: White v. Merrill, 32 Ill. 511; Bissell v. Price, 16 Ill. 408; Elston v. Kennicott, 46 Ill. 187; Elder v. Hood, 38 Ill. 533; G. W. R. R. Co. v. McDonald, 18 Ill. 172.

Where a writing is executed relating to some of the particulars of a contract, but which is not shown to be the contract of the parties, parol evidence is admissible to show what the contract was:  Kirkham v. Boston, 67 Ill. 599.

Time of performance of a contract may be shown by parol: Lane v. Sharpe, 3 Scam. 567; Scott v. Bennett, 3 Gilm. 243; Fowler v. Redican, 52 Ill. 405.

Where there is a total failure of evidence, or if the verdict is manifestly against the weight of evidence, a new trial should be awarded:  St. Paul F. & M. Ins. Co. v. Johnson 77 Ill. 598; Reynolds v. Lambert, 69 Ill. 495; Smith v. Slocum, 62 Ill. 354; Ill. Cent. R. R. Co. v. Chambers, 71 Ill. 519.

Where it is manifest from the record brought up, that the court erred in the admission or exclusion of evidence, it is not necessary that such errors should be preserved by bill of exceptions:  Tower v. Bradley et al. 66 Ill. 189; Low v. Moore, 12 Ill. 477.

Messrs. PEPPER & WILSON, and Messrs. BASSETT & WHARTON, for appellees; contending that there was no warranty except as to title, and no other warranty can be proved by parol, and the appellee is bound by the written contract alone, cited Marshall v. Gridley, 46 Ill. 247; Hartford Fire Ins. Co. v. Webster, 69 Ill. 392; Walker v. Brown, 28 Ill. 378.

Exceptions to the introduction of evidence, and to instructions, should be made on the trial, and not being made there,

Drury v. Dungan.

it is too late to urge them in Appellate Court: Miere v. Brush, 3 Scam. 21; Armstrong v. Mock, 17 Ill. 166; Kankakee etc. R. R. Co. v. Chester, 62 Ill. 236; Gibbons v. Johnson, 3 Scam. 61.

Where a trial is had, and evidence taken, the Court will treat the cause as being at issue, the same as though issue was joined by the pleadings: Mager v. Hutchinson, 2 Gilm. 266; Barnett v. Graff, 52 Ill. 170; Anderson v. Jacobson, 66 Ill. 522; Strohm v. Hayes, 70 Ill. 41.

PILLSBURY, J. We cannot notice the errors assigned in this cause questioning the action of the court below, in excluding evidence offered by appellant, admitting evidence offered by appellee, or the giving or refusing instructions, as no exception was taken to the action of the court in that regard by appellant.

We shall only consider the question whether the verdict in favor of the defendant is supported by the evidence appearing in the record.

It appears that the parties had dealings for several years prior to the institution of this suit, amounting to several thousand dollars.

On the 26th of May, 1876, a settlement was had, when the appellee executed to appellant his note for $4,684.80.

On the 24th day of August, 1876, Dungan sold to Drury a large amount of personal property, consisting of live stock, grain, farming utensils, etc., for which he was to receive $1,400 in cash, and a surrender of all his indebtedness to Drury. It is claimed by Drury that all the personal property was not delivered, and that the sheep purchased were not sound, as represented, and this action was brought by Drury to recover damages for breach of warranty and for failure to deliver. Dungan claimed a set-off, and on the trial the jury allowed him under that plea, $4,648.45, but the defendant remitting all in excess of $3,000, the court overruled the motion for a new trial, and rendered judgment for that sum. As against this claim of set-off, Drury alleges that in the trade of Aug. 24 all accounts between the parties was settled in full.

At the time of the trade Dungan was about removing to Kansas, and was desirous of paying all his indebtedness to

2

Drury, and he swears that it was a part of the trade that Drury should surrender all his claims against him, Dungan, but denies that his claims against Drury were adjusted. It is a little singular, to say the least, that Dungan, who was about removing permanently to Kansas, for the purpose of bettering his condition in life, should make this trade, receiving from Drury only $1400, when, according to his statement, he was entitled to about $6,000, and he does not question the ability of Drury to pay every cent he justly owed him.

Drury and his son both swear that the respective accounts were adjusted in the trade. Jacob Cool swears that the next day after the trade Dungan told him "he had sold everything to Drury, and had made a final settlement with him, and that he had got $1400 in money, and that he expected to pay all his debts now." To the same effect is the testimony of Joseph McCoy, Michael Warwick, and A. J. Douglass.

A. M. Byers testifies: "I remember of the sale, and of Drury paying Dungan money in his, witness', bank. Drury wanted to know if I would take his check on Keithburg bank for $1400. I told him I would, and while he was getting ready to make out the check, Dungan spoke up, and wanted to know if he would pay Mr. Essley $45. Drury said he would. So he made out the check for $1355, and I paid him the money. I heard a conversation between them while they were in the bank. Mr. Drury said he supposed their matters were all fixed now and settled, and Mr. Dungan said they were.

"Dungan said he was going west, and said something about being worth as much as Drury some day; then he shook hands with Mr. Drury, said good-bye, and went out."

This evidence, supported by the circumstances attending the transaction, and the action of the appellee after the trade in leaving the State, never claiming that Drury was indebted to him, leaves no reasonable doubt that he is not entitled to recover anything under his plea of set-off.

This verdict is so clearly against the weight of the evidence, that in our opinion the court below erred in not granting a new trial. The judgment must be reversed and the cause remanded.

Judgment reversed.